# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE DAVID CRYNES,

    Debtor,

Bankruptcy Case Number
18-81691-CRJ-7

DAVID CRYNES,

    Plaintiff,

Adversary Proceeding No.

v.

FLINT RIVER FAMILY DENTISTRY, LLC
D/B/A FLINT RIVER DENTAL,

    Defendant,

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, David Crynes ("Crynes"), makes the following allegations in his complaint against the defendant, Flint River Family Dentistry, LLC d/b/a Flint River Dental ("FRD").

### Parties, Jurisdiction, and Nature of Action

1. Crynes is the debtor in the above-referenced Chapter 7 bankruptcy case which was converted from a Chapter 13 bankruptcy on March 11, 2020. Crynes's Chapter 13 bankruptcy was filed on June, 7 2018. FRD is a corporation organized and existing under the laws of the state of Alabama. At all times material to this complaint, FRD regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. Crynes did business with FRD within this district and division, and it is these transactions that give rise to this litigation.

2. FRD is listed as a creditor in the schedules filed by Crynes upon conversion to a Chapter 7 bankruptcy on March 11, 2020.

3. Despite having both notice and actual knowledge of the commencement of Crynes's case, FRD sent an email to Crynes on April 30, 2020 notifying him of a deduction from his bank account in an effort to collect a pre-petition debt owed by Crynes to FRD. The email requests a signature for Crynes to agree to paying the amount of $250.00 to FRD. Crynes did not

1

sign, in ink or electronically, the signature request included within the email. Despite the lack of Crynes's signature, a withdrawal of $250.00 from Crynes's bank account to FRD is currently pending as of the date of this adversary proceeding with a release date set for May 3, 2020.

    4.    Crynes brings this action to recover the actual damages he has sustained as a result of the defendant's willful violation of the automatic stay in this case and to recover punitive damages from the defendant for that violation.

    5.    This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Crynes's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Crynes and the defendant. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

## Claim – Violation of the Automatic Stay

    6.    Crynes incorporates by reference the allegations in paragraphs one through five of this complaint.

    7.    The schedules filed by Crynes upon the conversion of this bankruptcy case from a Chapter 13 to a Chapter 7 listed FRD as a creditor. FRD was sent notice by the Bankruptcy Noticing Center by first class mail on March 14, 2020.

    8.    As a result of FRD being listed as a creditor in Crynes's schedules the defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Crynes's bankruptcy case.

    9.    Pursuant to §362(a) of the Bankruptcy Code, the commencement of Crynes's bankruptcy case gave rise to the automatic stay which, among other things, prohibits the defendant from attempting to collect from Crynes any pre-petition obligation owed by Crynes to the defendant.

    10.    Despite the imposition of the automatic stay by the commencement of this case and despite having both notice and actual knowledge of the commencement of this case, FRD sent an email to Crynes on April 30, 2020 notifying him of a deduction from his bank account in an effort to collect a pre-petition debt owed by Crynes to FRD. The email requests a signature for Crynes to agree to paying the amount of $250.00 to FRD. Crynes did not sign, in ink or electronically, the signature request included within the email. Despite the lack of Crynes's signature, a

withdrawal of $250.00 from Crynes's bank account to FRD is currently pending as of the date of this adversary proceeding with a release date set for May 3, 2020. Clearly any systems and procedures the creditor has to avoid stay violations are flawed. Further, the collection procedures of FRD are unacceptably flawed given that FRD sent an email requesting a signature to approve the bank deduction, but processed the unauthorized deduction **without** a signature from Crynes.

11. The actions of FRD violate 11 U.S.C. §362 as set forth in this complaint.

12. Crynes has sustained and continues to sustain injury and damage as a result of the defendant's intentional violation of the automatic stay.

13. The defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Under 11 U.S.C. §362(k)(1), Crynes is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against the defendant for its willful and intentional violation of the automatic stay.

15. Crynes suffered emotional distress as a direct and proximate result of the defendant's conduct.

**WHEREFORE**, Crynes asks this court to enter an order:

(A) Awarding Crynes compensatory damages against FRD including the reasonable attorney's fees and costs incurred by Crynes in the preparation and prosecution of this adversary proceeding;

(B) Awarding Crynes punitive damages against FRD for its willful and intentional violation of the automatic stay, such damages being intended to instill in FRD and other creditors due respect for this court and its orders and to deter them from taking similar action against Crynes and similarly situated debtors in the future;

(C) Voiding the debt owed by Crynes to FRD; and

(D) Granting Crynes any additional or different relief this court deems appropriate.

Dated: 04/30/2020                                    Respectfully submitted,

/s/ John C. Larsen
John C. Larsen
Attorney for the debtor/plaintiff,
David Crynes

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com